1

2

3

4

5

6

7

8                    IN THE UNITED STATES DISTRICT COURT

9              FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11   KRZYSZTOF F. WOLINSKI,              No. CIV S-11-1932-GEB-CMK-P

12              Plaintiff,

13        vs.                           FINDINGS AND RECOMMENDATIONS

14   MIKE D. McDONALD, et al.,

15              Defendants.

16   _____/

17              Plaintiff, a state prisoner proceeding pro se, brings this civil rights action pursuant

18   to 42 U.S.C. § 1983.  Pending before the court is plaintiff's amended complaint (Doc. 31).

19              The court is required to screen complaints brought by prisoners seeking relief

20   against a governmental entity or officer or employee of a governmental entity.  See 28 U.S.C.

21   § 1915A(a).  The court must dismiss a complaint or portion thereof if it: (1) is frivolous or

22   malicious; (2) fails to state a claim upon which relief can be granted; or (3) seeks monetary relief

23   from a defendant who is immune from such relief.  See 28 U.S.C. § 1915A(b)(1), (2).  Moreover,

24   the Federal Rules of Civil Procedure require that complaints contain a "short and plain statement

25   of the claim showing that the pleader is entitled to relief."  Fed. R. Civ. P. 8(a)(2).  This means

26   that claims must be stated simply, concisely, and directly.  See McHenry v. Renne, 84 F.3d 1172,

                                        1

1177 (9th Cir. 1996) (referring to Fed. R. Civ. P. 8(e)(1)).  These rules are satisfied if the complaint gives the defendant fair notice of the plaintiff's claim and the grounds upon which it rests.  See Kimes v. Stone, 84 F.3d 1121, 1129 (9th Cir. 1996).  Because plaintiff must allege with at least some degree of particularity overt acts by specific defendants which support the claims, vague and conclusory allegations fail to satisfy this standard.  Additionally, it is impossible for the court to conduct the screening required by law when the allegations are vague and conclusory.

## I. PLAINTIFF'S ALLEGATIONS

Plaintiff's original complaint was dismissed with leave to amend for failure to state a claim and for plaintiff's attempt to include too many unrelated claims and defendants in one action.  In his amended complaint, plaintiff has eliminated most of the claims unrelated to his claims of assault by several officers.  As set forth in a separate order, the court has authorized service for those officers involved in the assaults plaintiff alleges.  However, plaintiff also attempts a few other claims, for which he fails to state a claim.  In addition, plaintiff continues to name defendants in his amended complaint for which he makes no allegations, nor does it appear possible to do so.

Aside from the assaults he alleges by defendants Young, Silva, Shuford, Fish, and Hougland, plaintiff claims defendant Miller refused to make copies of a letter reporting his assault, and defendant Wheeler attempted to force plaintiff to abandon his allegations during the investigation into his alleged assault.  Plaintiff also continues to identify several defendants against whom he asserts no factual allegations, including McDonald, Kraft, Perry and Harrison. He has eliminated Miranda, Vegas, Barton, Shiplet, Kimball, and Clark as defendants in his amended complaint, and those defendants should be terminated from this case.

/ / /

/ / /

/ / /

## II.  DISCUSSION

The court dismissed plaintiff's original complaint with leave to amend.  In so doing, the court took the precaution of educating plaintiff as to what was necessary in order to state a claim for the allegations the court could discern from his original complaint.  The court explained to plaintiff the necessity of alleging specific factual allegations as to each defendant, and what was necessary to state a claim for violation of his due process rights, First Amendment right to access the courts, and Eighth Amendment rights related to the use of force, safety and medical care.  Plaintiff's complaint sufficiently states a claim against several defendants for violating his Eighth Amendment rights based on his assault allegations.  However, he fails to state a claim as for any of his other allegations.

Plaintiff has eliminated his unrelated allegations regarding the conditions of the cells and due process violations related to disciplinary hearings.  As for his claims regarding right of access to the court against defendant Miller, plaintiff alleges that he attempted to make copies of a letter requesting an investigation and assistance after his sexual assault, but defendant Miller "suppressed it right away, all plaintiffs documents including court papers, and transfer them to program office facility "B", immediately!"  (Am. Compl., Doc. 31, at 7).

Plaintiff was previously informed:

> Prisoners have a First Amendment right of access to the courts. See Lewis v. Casey, 518 U.S. 343, 346 (1996); Bounds v. Smith, 430 U.S. 817, 821 (1977); Bradley v. Hall, 64 F.3d 1276, 1279 (9th Cir. 1995) (discussing the right in the context of prison grievance procedures).  This right includes petitioning the government through the prison grievance process.  See id.  Prison officials are required to "assist inmates in the preparation and filing of meaningful legal papers by providing prisoners with adequate law libraries or adequate assistance from persons trained in the law."  Bounds, 430 U.S. at 828.  The right of access to the courts, however, only requires that prisoners have the capability of bringing challenges to sentences or conditions of confinement.  See Lewis, 518 U.S. at 356-57.  Moreover, the right is limited to non-frivolous criminal appeals, habeas corpus actions, and § 1983 suits.  See id. at 353 n.3 & 354-55.  Therefore, the right of access to the courts is only a right to present these kinds of claims to the court, and not a right to discover claims or to litigate them effectively once filed.  See id. at 354-55.

1    　　　　　As a jurisdictional requirement flowing from the standing doctrine,
     the prisoner must allege an actual injury. See id. at 349. "Actual injury" is
2    prejudice with respect to contemplated or existing litigation, such as the
     inability to meet a filing deadline or present a non-frivolous claim. See
3    id.; see also Phillips v. Hust, 477 F.3d 1070, 1075 (9th Cir. 2007). Delays
     in providing legal materials or assistance which result in prejudice are "not
4    of constitutional significance" if the delay is reasonably related to
     legitimate penological purposes. Lewis, 518 U.S. at 362.
5    (Order, Doc. 28, at 6-7).

6    　　　　　Plaintiff alleges defendant Miller refused to make copies of a letter requesting

7    assistance. He does not, however, claim that this letter was in any way intended to access the

8    courts. While plaintiff may have needed assistance, and may have been attempting to obtain that

9    assistance, he does not allege that it was an attempt to file an inmate grievance or to somehow

10   access the courts. In addition, plaintiff fails to allege any actual injury associated with defendant

11   Miller's refusal to make copies of the letter or the apparent confiscation of his court documents.

12   Actual injury in this circumstance is a legal injury, not physical. Plaintiff was informed of the

13   necessity of alleging an actual injury. It appears that he is either unable or unwilling to allege

14   facts sufficient to state a denial of access to the courts claim, and that claim and defendant Miller

15   should be dismissed from this action.

16   　　　　　To the extent plaintiff attempts to state a claim against defendants Perry and

17   Harrison, his amended complaint is insufficient. Plaintiff states that the day after the library

18   incident, he was summoned to the program office where he was assaulted by defendants

19   Hougland, Fish and Silva for a second time. He was then moved to defendant Perry's office.

20   Defendant Perry then left his office, presumably leaving defendant in the care of defendants

21   Hougland and Fish, who continued their "investigation by use of severe pain". Defendant Perry

22   then returned to obtain plaintiff's statement on camera. These are the only allegations against

23   defendant Perry. Plaintiff does not allege defendant Perry was personally involved in any assault

24   against him, nor that he knew of and disregarded the risk to plaintiff of another assault by the

25   other defendants. Rather, it appears defendant Perry's only involvement in the incident was the

26   use of his office and obtaining a statement from plaintiff.

1   Plaintiff was previously informed that:

2   To state a claim under 42 U.S.C. § 1983, the plaintiff must allege an actual
connection or link between the actions of the named defendants and the
3   alleged deprivations.  See Monell v. Dep't of Social Servs., 436 U.S. 658
(1978); Rizzo v. Goode, 423 U.S. 362 (1976).  "A person 'subjects'
4   another to the deprivation of a constitutional right, within the meaning of
§ 1983, if he does an affirmative act, participates in another's affirmative
5   acts, or omits to perform an act which he is legally required to do that
causes the deprivation of which complaint is made."  Johnson v. Duffy,
6   588 F.2d 740, 743 (9th Cir. 1978).  Vague and conclusory allegations
concerning the involvement of official personnel in civil rights violations
7   are not sufficient.  See Ivey v. Board of Regents, 673 F.2d 266, 268 (9th
Cir. 1982).  Rather, the plaintiff must set forth specific facts as to each
8   individual defendant's causal role in the alleged constitutional deprivation.
See Leer v. Murphy, 844 F.2d 628, 634 (9th Cir. 1988).
9   (Order, Doc. 28, at 3).

10   Plaintiff fails to allege defendant Perry was personally involved in any incident

11   against him.  As plaintiff was informed of the necessity of alleging specific facts as to each

12   defendant's role, it appears plaintiff is either unable or unwilling to do so as to defendant Perry.

13   Defendant Perry should therefore be dismissed for failure to state a claim.

14   As for defendant Harrison, plaintiff alleges that six weeks later, he was summoned

15   into the program office by defendant Harrison, and placed in a cage again.  He then claims he

16   was held for several hours without access to the toilet or water.  While he claims defendant

17   Harrison summoned him to the program office, he does not allege defendant Harrison was the

18   one who placed him in the holding cage, nor does he allege any serious deprivation for the time

19   he was held there. To the extent plaintiff does sufficiently allege defendant Harrison is the one

20   who placed him in the holding cell, such an allegation is insufficient to state a claim.  Conditions

21   of confinement may be harsh and restrictive.  See Rhodes v. Chapman, 452 U.S. 337, 347 (1981).

22   Placing inmates in holding cells for a few hours is often necessary for the safety and security of

23   the institution.  Such an action only rises to the level of an Eighth Amendment violation when so

24   doing results in the denial of the minimal civilized measure of life's necessities, and is done with

25   the intention of inflicting harm.  See Farmer v. Brennan, 511 U.S. 825, 834 (1994).  Being placed

26   in a holding cell for "several hours" without access to a toilet or water is simply insufficient.

Several hours could indicate he was held for anywhere from two to twenty hours, and plaintiff does not provide further explanation.  He also fails to allege that being so held caused him any actual discomfort, much less any actual deprivation.  Again, plaintiff was informed what was necessary to state an Eighth Amendment violation claim, and he has failed to do so.  Defendant Harrison should therefore be dismissed for plaintiff's failure to state a claim.

Next, plaintiff indicates that defendant Wheeler was assigned to investigate his rape allegations against the other officers.  During that alleged investigation and interview with plaintiff, he claims defendant Wheeler threatened him and tried to intimidate him into abandoning the rape allegations.  The court is hard pressed to find a constitutional violation based on these facts.  It is possible that plaintiff is attempting to claim a violation based on the alleged threats and harassment.  Allegations of verbal harassment do not state a claim under the Eighth Amendment unless it is alleged that the harassment was "calculated to . . . cause [the prisoner] psychological damage."  Oltarzewski v. Ruggiero, 830 F.2d 136, 139 (9th Cir. 1987); see also Keenan v. Hall, 83 F.3d 1083, 1092 (9th Cir. 1996), amended by  135 F.3d 1318 (9th Cir. 1998).  In addition, the prisoner must show that the verbal comments were unusually gross, even for a prison setting, and that he was in fact psychologically damaged as a result of the comments.  See Keenan, 83 F.3d at 1092.  Plaintiff does not allege any attempt to cause him psychological damage, only an attempt to get him to drop the charges.

Instead, plaintiff may be attempting a claim of retaliation.  In order to state a claim under 42 U.S.C. § 1983 for retaliation, the prisoner must establish that he was retaliated against for exercising a constitutional right, and that the retaliatory action was not related to a legitimate penological purpose, such as preserving institutional security.  See Barnett v. Centoni, 31 F.3d 813, 815-16 (9th Cir. 1994) (per curiam).  In meeting this standard, the prisoner must demonstrate a specific link between the alleged retaliation and the exercise of a constitutional right.  See Pratt v. Rowland, 65 F.3d 802, 807 (9th Cir. 1995); Valandingham v. Bojorquez, 866 F.2d 1135, 1138-39 (9th Cir. 1989).  The prisoner must also show that the exercise of First

Amendment rights was chilled, though not necessarily silenced, by the alleged retaliatory

conduct.  See Resnick v. Hayes, 213 F.3d 443, 449 (9th Cir. 2000), see also Rhodes v. Robinson,

408 F.3d 559, 569 (9th Cir. 2005).  Thus, the prisoner plaintiff must establish the following in

order to state a claim for retaliation: (1) prison officials took adverse action against the inmate;

(2) the adverse action was taken because the inmate engaged in protected conduct; (3) the

adverse action chilled the inmate's First Amendment rights; and (4) the adverse action did not

serve a legitimate penological purpose.  See Rhodes, 408 F.3d at 568.  Here, plaintiff alleges no

adverse action.  While certainly being intimidated and harassed can be unpleasant or even

horrific, plaintiff fails to set forth any actual adverse action taken against him in order to

substantiate a claim of retaliation.  As such, plaintiff's claims against defendant Wheeler should

be dismissed for failure to state a claim.

Plaintiff names two other defendants for which he fails to allege any connection to

the incidents he complains of.  Defendants McDonald and Kraft are named as defendants in the

amended complaint, but plaintiff makes no factual allegations against them.  It appears the only

tie either of these defendants have to the incidents alleged stem from their supervisory positions.

Defendant McDonald is alleged to hold the position of warden at High Desert State Prison

(HDSP); defendant Kraft is alleged to hold the position of associate warden at HDSP.

Again, plaintiff was informed:

> Supervisory  personnel are generally not liable under § 1983 for the
> actions of their employees.  See Taylor v. List, 880 F.2d 1040, 1045 (9th
> Cir. 1989) (holding that there is no respondeat superior liability under §
> 1983).  A supervisor is only liable for the constitutional violations of
> subordinates if the supervisor participated in or directed the violations.
> See id.  The Supreme Court has rejected the notion that a supervisory
> defendant can be liable based on knowledge and acquiescence in a
> subordinate's unconstitutional conduct because government officials,
> regardless of their title, can only be held liable under § 1983 for his or her
> own conduct and not the conduct of others.  See Ashcroft v. Iqbal, 129 S.
> Ct. 1937, 1949 (2009).  When a defendant holds a supervisory position,
> the causal link between such defendant and the claimed constitutional
> violation must be specifically alleged.  See Fayle v. Stapley, 607 F.2d 858,
> 862 (9th Cir. 1979); Mosher v. Saalfeld, 589 F.2d 438, 441 (9th Cir.
> 1978).  Vague and conclusory allegations concerning the involvement of

7

1  supervisory personnel in civil rights violations are not sufficient.  See Ivey
   v. Board of Regents, 673 F.2d 266, 268 (9th Cir. 1982).  "[A] plaintiff
2  must plead that each Government-official defendant, through the official's
   own individual actions, has violated the constitution."  Iqbal, 129 S. Ct. at
3  1948.

4  (Order, Doc. 28, at 3-4).

5         As plaintiff makes no factual allegations regarding either defendant McDonald or

6  defendant Kraft, he fails to state a claim.  Simply alleging these two defendants are liable based

7  on the responsibilities of their positions is insufficient, as plaintiff was informed.  Plaintiff was

8  provided an opportunity to cure this defect, and allege specific involvement in the incidents, but

9  has failed to do so.  It appears plaintiff is either unable or unwilling to allege either of these

10 supervisory defendants were personally involved in the alleged violations, and they should

11 therefore be dismissed from this action.

12        Finally, plaintiff again claims he was denied proper medical care for the treatment

13 of his injuries related to his alleged rape.  However, he fails to identify who denied him the

14 medical care, and offers no further explanation.  Without any individual identified as the one

15 responsible for such a depravation, no such claim can proceed.  Plaintiff was so informed in the

16 prior order, and he has failed to cure such a defect.  It therefore appears plaintiff is either unable

17 or unwilling to plead sufficient facts to state a claim for denial of medical treatment, and any

18 such a claim should be dismissed.

19                              **III.  CONCLUSION**

20        Because it does not appear possible that the deficiencies identified herein can be

21 cured by further amending the complaint, plaintiff is not entitled to leave to amend prior to

22 dismissal of the entire action.  See Lopez v. Smith, 203 F.3d 1122, 1126, 1131 (9th Cir. 2000)

23 (en banc).

24        Based on the foregoing, the undersigned recommends that:

25        1.      Plaintiff's claims for denial of access to the court and failure to provide

26 medical treatment should be dismissed for failure to state a claim;

1       2.     Defendants Miller, Harrison, Perry, Wheeler, McDonald and Kraft should

2   be dismissed from this action;

3       3.     Defendants Miranda, Vegas, Barton, Shiplet, Kimball and Clark should be

4   terminated from the docket as plaintiff no longer names them as defendants to this action; and

5       4.     This action should proceed on plaintiff's Eighth Amendment claims

6   against defendants Shuford, Young, Silva, Hougland, and Fish only.

7          These findings and recommendations are submitted to the United States District

8   Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within 14 days

9   after being served with these findings and recommendations, any party may file written

10  objections with the court.  Responses to objections shall be filed within 14 days after service of

11  objections.  Failure to file objections within the specified time may waive the right to appeal.

12  See Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

13

14   DATED:  February 23, 2012

15

16                           **CRAIG M. KELLISON**

                         UNITED STATES MAGISTRATE JUDGE

17

18

19

20

21

22

23

24

25

26