IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

KRZYSZTOF F. WOLINSKI,   No. CIV S-11-1932-GEB-CMK-P

    Plaintiff,

  vs.   FINDINGS AND RECOMMENDATIONS

MIKE D. McDONALD, et al.,

    Defendants.

_____/

       Plaintiff, a state prisoner proceeding pro se, brings this civil rights action pursuant to 42 U.S.C. § 1983. Pending before the court are plaintiff's motions for preliminary injunction and temporary restraining orders[1] (Docs. 7, 8, 12, 14, 15, 27). Plaintiff is requesting the court order prison officials to provide him medical treatment for his injuries, transfer him to another facility, return his legal documents, and to refrain from inappropriate conduct.

       The legal principles applicable to requests for injunctive relief, such as a temporary restraining order or preliminary injunction, are well established. To prevail, the moving party must show that irreparable injury is likely in the absence of an injunction. See Stormans, Inc. v. Selecky, 586 F.3d 1109, 1127 (9th Cir. 2009) (citing Winter v. Natural Res. Def. Council, Inc., 129 S. Ct. 365 (2008)). To the extent prior Ninth Circuit cases suggest a

---

[1] Some of these pleadings are not specifically identified as such, but are construed so based on the relief plaintiff is requesting.

lesser standard by focusing on the mere possibility of irreparable harm, such cases are "no longer controlling, or even viable." Am. Trucking Ass'ns, Inc. v. City of Los Angeles, 559 F.3d 1046, 1052 (9th Cir. 2009). Under Winter, the proper test requires a party to demonstrate: (1) he is likely to succeed on the merits; (2) he is likely to suffer irreparable harm in the absence of an injunction; (3) the balance of hardships tips in his favor; and (4) an injunction is in the public interest. See Stormans, 586 F.3d at 1127 (citing Winter, 129 S. Ct. at 374). In addition, this court is unable to issue an order against individuals who are not parties to a suit pending before it. See Zenith Radio Corp. v. Hazeltine Research, Inc., 395 U.S. 100, 112 (1969).

Here, plaintiff is requesting the court order the warden and other prison officials to transfer him to a prison with an adequate law library. While the court acknowledges plaintiff has a First Amendment right to access the courts, which includes the right to an adequate law library, this case does not involve the adequacy of the law library at High Desert State Prison, plaintiff's current location. See Bounds v. Smith, 430 U.S. 817, 828 (1977). Rather, the issues involved in this action are related to plaintiff's allegations of Eighth Amendment violations for assaults he suffered at the hands of correctional officers. Plaintiff named the warden as a defendant to this action, but the undersigned has recently issued separate findings and recommendations that the warden and other uninvolved persons be dismissed from this action. As such, plaintiff is essentially requesting this court to issue an order against individuals who are not parities to the action, which the court is unable to do. In addition, the Supreme Court has concluded that the Constitution itself provides no liberty interest in staying at a particular institution, see Meachum v. Fano, 427 U.S. 215, 225-27 (1976) or in remaining in a prison in a particular state, see Olim v. Wakinekona, 461 U.S. 238, 245-47 (1983). Plaintiff has therefore provided no basis on which the court could issue such an order, and his request should be denied.

Next, plaintiff requests the court to issue an order directing the warden to return documents which were confiscated from his cell and to stop all interception of his legal papers. Plaintiff does not identify what documents were taken, or whether those documents have

anything to do with this action. In addition, he fails to identify the individuals who are interfering with his legal documents. Again, the court is unable to issue an order against any individual who is not a party to this action. To the extent plaintiff believes his right to access the court is being denied, he may utilize the inmate grievance system to rectify the situation, and/or proceed to legal action against those who are denying his access.

Finally, plaintiff is requesting the court issue an order directing the prison officials to provide him medical care and stop further harassment. As to the request for an order directing medical treatment, plaintiff is again requesting the court issue an order directing the action of a non-party. The remaining defendants in this action consist of five correctional officers. There is nothing in plaintiff's motion to indicate any of these five have control over his medical treatment. None of the officers are identified as medical personnel. If any of the remaining defendants do in fact have control over plaintiff's medical treatment, he may file a new motion informing the court who has such control and again request an order directing a specific party to perform some necessary duty. Without such information, there is no basis for the court to issue such an order.

As for plaintiff's request for an order stopping the harassment, plaintiff fails to provide the court with sufficient information to support his argument that he will suffer irreparable injury without a restraining order, and fails to provide the court with sufficient information as to who is perpetuating the harassment. This case proceeds on plaintiff's Eighth Amendment claims stemming from two different incidents wherein he claims he was attacked by five correctional officers in June 2011. As stated above, in order for a preliminary injunction to issue, plaintiff must show: (1) he is likely to succeed on the merits; (2) he is likely to suffer irreparable harm in the absence of an injunction; (3) the balance of hardships tips in his favor; **and** (4) an injunction is in the public interest. See Stormans, 586 F.3d at 1127.

In his current motions, he states he has been subjected to mistreatment in the form of harassment. He fails to identify specifically who has been harassing him, and whether any of the remaining defendants are involved. In addition, he indicates in his filings that he has been

transferred on several occasions to administrative segregation, apparently for his own protection. It appears that the defendants were correctional officers he had contact with in general population. There is nothing in plaintiff's filings indicating he is still in contact with the defendants, nor does he state he has been subject to further incidents involving the defendants. While there remains a possibility that the defendant may assault him again, such a possibility is insufficient. Plaintiff is required to show such action is likely. Plaintiff fails to meet this burden. Rather, his biggest concerns appear to be the lack of medical treatment and the prison not acknowledging his status as a pro se litigant. Neither of which are before the court in this action, and cannot support an irreparable harm argument. Plaintiff therefore fails to show the likelihood that he will suffer irreparable harm to support his request for a preliminary injunction.

Based on the foregoing, the undersigned recommends that plaintiff's requests and motions for preliminary injunction and temporary restraining orders (Docs. 7, 8, 12, 14, 15, 27) should be denied.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within 14 days after being served with these findings and recommendations, any party may file written objections with the court. Responses to objections shall be filed within 14 days after service of objections. Failure to file objections within the specified time may waive the right to appeal. See Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

DATED: February 24, 2012

_____
CRAIG M. KELLISON
UNITED STATES MAGISTRATE JUDGE