IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

KRZYSZTOF F. WOLINSKI,    No. CIV S-11-1932-GEB-CMK-P

    Plaintiff,

  vs.    FINDINGS AND RECOMMENDATIONS

MIKE D. McDONALD, et al.,

    Defendants.

_____/

    Plaintiff, a state prisoner proceeding pro se, brings this civil rights action pursuant to 42 U.S.C. § 1983.

    Plaintiff has filed several additional motions requesting the court order the return of his legal property and papers (Docs. 45, 48, 58). Essentially, plaintiff states he has been placed in administrative segregation without his legal property, and thus is unable to prosecute this case. He is requesting a court order directing the warden to return his legal documents so he has the ability to respond to the defendants' motion to dismiss, which is now pending before the court.

/ / /

/ / /

1

Plaintiff's motions are the equivalent of additional motions for injunctive relief. His prior motions for such relief have been denied. As plaintiff has previously been informed, the court is unable to issue an order against individuals who are not parties to a suit pending before it. See Zenith Radio Corp. v. Hazeltine Research, Inc., 395 U.S. 100, 112 (1969). Plaintiff continues to request court orders directing the actions of the warden at High Desert State Prison. The warden is not a party to this action, and the court has no authority to require any such conduct.

However, the undersigned will request defense counsel to inquire with the prison if there is anything that can be done to facilitate the return of plaintiff's legal documents in order for this case to continue. If plaintiff is not in possession of the documents he needs to oppose the pending motion to dismiss, he will be unable to file a meaningful opposition to the motion, and the court will be unable to evaluate and rule on the motion. Therefore, in the interest of keeping this case moving forward, and resolving the motion to dismiss without additional delay, the undersigned is requesting the California Attorney General's office to make what inquiry they deem appropriate, and assist plaintiff in obtaining his legal documents to the extent it may be done without risking institutional safety.

Plaintiff has recently asked for and received additional time to file his opposition to the motion to dismiss. If plaintiff has still not received the documents he needs to file his opposition, and he determines he needs additional time to do so, he may file another request with the court.

Based on the foregoing, the undersigned recommends that plaintiff's requests and motions, to the extent they are motions for preliminary injunction or temporary restraining orders (Docs. 45, 48, 58) should be denied.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within 14 days after being served with these findings and recommendations, any party may file written

objections with the court. Responses to objections shall be filed within 14 days after service of objections. Failure to file objections within the specified time may waive the right to appeal. See Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

DATED: November 26, 2012

_____
**CRAIG M. KELLISON**
UNITED STATES MAGISTRATE JUDGE