1

2

3

4

5

6

7

8                    **IN THE UNITED STATES DISTRICT COURT**

9                  **FOR THE EASTERN DISTRICT OF CALIFORNIA**

10

11   KRZYSZTOF F. WOLINSKI,                No. CIV S-11-1932-GEB-CMK-P

12              Plaintiff,

13         vs.                            FINDINGS AND RECOMMENDATIONS

14   MIKE D. McDONALD, et al.,

15              Defendants.

16   _____/

17         Plaintiff, a state prisoner proceeding pro se, brings this civil rights action pursuant

18   to 42 U.S.C. § 1983.  Pending before the court is defendants' motion to dismiss (Doc. 49).

19   Plaintiff informed the court that he was having difficulty obtaining his legal papers from prison

20   officials, and requested additional time to respond to the motion.  His four requests were granted,

21   providing plaintiff with an additional 150 days to file his opposition to the pending motion.  He

22   has failed to file his opposition, or request additional time in which to do so, within the time

23   provided.[1]

24

25         [1]    Plaintiff's fourth motion for additional time was granted on January 2, 2013,
     providing plaintiff with an additional 30 days.  That time has now expired, and the court has
26   received nothing further from plaintiff.

                                             1

## I. BACKGROUND

This action proceeds on plaintiff's amended complaint (Doc. 31) against defendants Young, Silva, Shuford, Fish and Hougland. Plaintiff alleges than on or about June 26, 2011, defendants Shuford, Young, and Silva attacked and assaulted him. He then alleges he was assaulted twice more, on or about June 30, 2011, by defendants Fish and Hougland in an apparent response to his complaints about the first assault. Plaintiff filed his original complaint initiating this case on July 22, 2011.

## II. MOTION TO DISMISS

Defendants filed the pending motion to dismiss on the basis that plaintiff failed to exhaust his administrative remedies prior to filing this action. They argue that plaintiff initiated this law suit on July 22, 2011, but did not file an inmate appeal regarding the incidents until November 16, 2011, several months after filing this action. In addition, plaintiff's failed to pursue his inmate appeal through the third and final level. Thus, even the inmate appeal he did file failed to exhaust his administrative remedies.

A motion to dismiss based on a prisoner's failure to exhaust administrative remedies is properly the subject of an unenumerated motion under Federal Rule of Civil Procedure 12(b). See Wyatt v. Terhune, 315 F.3d 1108, 1119 (9th Cir. 2003). "In deciding a motion to dismiss for failure to exhaust non-judicial remedies, the court may look beyond the pleadings and decide disputed issues of fact." Id. at 1119-20. Where the court looks beyond the pleadings to a factual record in deciding the motion to dismiss, which is "a procedure closely analogous to summary judgment," the court must assure that the plaintiff has fair notice of his opportunity to develop a record. Id. at 1120 n.14 (referencing the notice requirements outlined in Rand v. Rowland, 154 F.3d 952 (9th Cir. 1998) (en banc), and Klingele v. Eikenberry, 849 F.2d 409 (9th Cir. 1988). Defendants bear the burden of establishing that the plaintiff failed to exhaust administrative remedies prior to filing suit. See Wyatt, 315 F.3d at 1120. If the court concludes that administrative remedies have not been exhausted, the unexhausted claim should

1  be dismissed without prejudice.  See id. at 1120; see also Jones v. Bock, 127 S. Ct. 910 (2007).

2         Prisoners seeking relief under § 1983 must exhaust all available administrative

3  remedies prior to bringing suit.  See 42 U.S.C. § 1997e(a).  This requirement is mandatory

4  regardless of the relief sought.  See Booth v. Churner, 532 U.S. 731, 741 (2001) (overruling

5  Rumbles v. Hill, 182 F.3d 1064 (9th Cir. 1999)).  Because exhaustion must precede the filing of

6  the complaint, compliance with § 1997e(a) is not achieved by exhausting administrative remedies

7  while the lawsuit is pending.  See McKinney v. Carey, 311 F.3d 1198, 1199 (9th Cir. 2002).  The

8  Supreme Court addressed the exhaustion requirement in Jones v. Bock, 549 U.S. 199 (2007), and

9  held: (1) prisoners are not required to specially plead or demonstrate exhaustion in the complaint

10 because lack of exhaustion is an affirmative defense which must be pleaded and proved by the

11 defendants; (2) an individual named as a defendant does not necessarily need to be named in the

12 grievance process for exhaustion to be considered adequate because the applicable procedural

13 rules that a prisoner must follow are defined by the particular grievance process, not by the

14 PLRA; and (3) the PLRA does not require dismissal of the entire complaint if only some, but not

15 all, claims are unexhausted.

16         The Supreme Court also held in Woodford v. Ngo that, in order to exhaust

17 administrative remedies, the prisoner must comply with all of the prison system's procedural

18 rules so that the agency addresses the issues on the merits.   548 U.S. 81, 89-96 (2006).  Thus,

19 exhaustion requires compliance with "deadlines and other critical procedural rules."  Id. at 90.

20 Partial compliance is not enough.  See id.  Substantively, the prisoner must submit a grievance

21 which affords prison officials a full and fair opportunity to address the prisoner's claims.  See id.

22 at 90, 93.  The Supreme Court noted that one of the results of proper exhaustion is to reduce the

23 quantity of prisoner suits "because some prisoners are successful in the administrative process,

24 and others are persuaded by the proceedings not to file an action in federal court."  Id. at 94.

25 / / /

26 / / /

1    A prison inmate in California satisfies the administrative exhaustion requirement

2 by following the procedures set forth in §§ 3084.1-3084.8 of Title 15 of the California Code of

3 Regulations.[2]  In California, inmates "may appeal any policy, decision, action, condition, or

4 omission by the department or its staff that the inmate . . . can demonstrate as having a material

5 adverse effect upon his or her health, safety, or welfare." Cal. Code Regs. tit. 15, § 3084.1(a).

6 These regulations require the prisoner to proceed through three levels of appeal.  See Cal. Code

7 Regs. tit. 15, §§ 3084.1(b), 3084.2, 3084.7.  A decision at the third formal level, which is also

8 referred to as the director's level, is not appealable and concludes a prisoner's departmental

9 administrative remedy.  See id.  Departmental appeals coordinators may reject a prisoner's

10 administrative appeal for a number of reasons, including untimeliness, filing excessive appeals,

11 use of improper language, failure to attach supporting documents, and failure to follow proper

12 procedures.  See Cal. Code Regs. tit. 15, §§ 3084.6(b).  If an appeal is rejected, the inmate is to

13 be provided clear instructions how to cure the defects therein.  See Cal. Code Regs. tit. 15, §§

14 3084.5(b), 3084.6(a).  Group appeals are permitted on the proper form with each inmate clearly

15 identified, and signed by each member of the group.  See Cal. Code Regs. tit 15, § 3084.2(h).

16 Currently, California regulations do not contain any provision specifying who must be named in

17 the grievance.

18    Here, defendants argue plaintiff failed to exhaust his administrative remedies as

19 he did not file his inmate appeal until after he initiated this suit.  Defendants have provided the

20 court with a declaration from the inmate appeals coordinator (AC) at High Desert State Prison,

21 who conducted a search for appeals filed by plaintiff.  The AC states in the declaration that

22 during the six month period of time beginning June 26, 2011, plaintiff filed eight inmate appeals

23 which were accepted for review, and fourteen appeals which were screened out for failing to

24 comply with the regulations.  Of those accepted appeals, only one addressed the attacks at issue,

25

26    [2]    These regulations were recently updated, but the substantive changes thereto do
not impact the issues in this case.  The citations herein are to the new section numbers.

1    number HDSP-D-11-01643. This appeal was only pursued to the second level of review.

2    Defendants also submit a declaration from the Chief of the Office of Appeals, who addresses

3    appeals accepted for third level of review.  This declaration indicates that during the relevant

4    time frame here, plaintiff submitted three inmate appeals, none involving the attacks, and none

5    that were accepted for review at the third level.

6            This information counters plaintiff's allegations in his complaints that he filed

7    several inmate appeals regarding these assaults.  The defendants acknowledge that plaintiff has

8    filed numerous inmate appeals, but none filed within the relevant time period were accepted as

9    properly filed.  It was not until November 16, 2011, that plaintiff submitted an inmate appeal

10   regarding the attacks at issue herein, HDSP-D-11-01643.  Even that inmate appeal was not fully

11   exhausted, as plaintiff did not seek review past the second level.  The undersigned agrees with

12   the defendants' assertion that given the time frame involved in this case, there was simply not

13   sufficient time between the incident and the filing of the complaint in which plaintiff could have

14   properly exhausted his administrative remedies.  Further, to the extent plaintiff claims he was

15   prevented from filing an inmate appeal, the undersigned also agrees with defendants' contention

16   that the acceptance of the later filed inmate appeal, number 11-01643, belies plaintiff's

17   contention.

18           The undersigned therefore finds plaintiff failed to exhaust his administrative

19   remedies prior to filing this lawsuit.  By not so doing, he failed to follow all of the procedural

20   rules and he eliminated the prison's opportunity to fully examine the situation and evaluate a

21   possible remedy for plaintiff's situation.

22           **III.    CONCLUSION**

23           Based on the foregoing, the undersigned recommends that defendants' motion to

24   dismissed (Doc 49) be granted, all other pending motion be denied as moot, and this action be

25   dismissed without prejudice.

26   / / /

1    These findings and recommendations are submitted to the United States District

2  Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within 14 days

3  after being served with these findings and recommendations, any party may file written

4  objections with the court.  Responses to objections shall be filed within 14 days after service of

5  objections.  Failure to file objections within the specified time may waive the right to appeal.

6  See Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

7

8   DATED:  February 28, 2013

9
                                        _____
10                                      CRAIG M. KELLISON
                                        UNITED STATES MAGISTRATE JUDGE

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26